176    APPELLATE COURTS OF ILLINOIS.

Poland et al. v. Supreme Tribe of Ben Hur, 211 Ill. App. 176.

## Elizabeth Poland and John H. Sperry, Appellees, v. Supreme Tribe of Ben Hur, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fayette county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 16, 1918.

### Statement of the Case.

Action by Elizabeth Poland and John H. Sperry, plaintiffs, against Supreme Tribe of Ben Hur, defendant, to recover on a mutual life insurance certificate for $1,000 issued by defendant to Theodore J. Sperry, in which plaintiffs were named as beneficiaries. From a judgment for plaintiffs for $1,000, defendant appeals.

ARTHUR ROE and C. E. POPE, for appellant.

MATHENY & WELKER, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE—*when burden of proof is on defendant to show death of insured as result of intemperate use of intoxicating liquor.* In an action on a mutual benefit insurance certificate the burden of proof is on defendant to show that deceased came to his death as the result of the intemperate use of intoxicating liquor, so as to render available as a defense a condition of the certificate against the use of such liquor.

2. APPEAL AND ERROR, § 1411*—*when finding of jury not disregarded.* A jury's finding, based on conflicting evidence, that insured did not come to his death as the result of the alleged intemperate use of intoxicating liquor will not be disregarded

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Poland et al. v. Supreme Tribe of Ben Hur, 211 Ill. App. 176.

on appeal where there is evidence fairly tending to support such finding and the verdict.

3. INSURANCE, § 895a*—*when evidence as to habits of insured is admissible.* In an action on a mutual death benefit certificate, in which the defense is a violation of a provision of the certificate that no benefit shall be payable if death is due to the intemperate use of intoxicating liquor, evidence that deceased was formerly not addicted to the intemperate use of intoxicating liquor is admissible.

4. INSURANCE—*when burden on defendant to show that death of insured was due to intemperate use of liquor not shifted.* The burden incumbent on defendant, in an action on a mutual death benefit certificate, to show that deceased met his death as the result of the intemperate use of intoxicating liquors is not shifted by the fact that the proofs of death contain the coroner's verdict that deceased came to his death from "exposure by being under the influence of alcohol."

5. APPEAL AND ERROR, § 1241*—*when party may not complain of error in instruction.* A party may not complain of error in an instruction where the same principle is embodied in an instruction given at his own request.

6. APPEAL AND ERROR, § 1561*—*when refusal of instructions is harmless error.* It is harmless error to refuse requested instructions covered by the main charge.

McBRIDE, J., took no part in the consideration and decision of this case in this court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXI 12